Learned, P. J.
It is settled that it is not competent to inquire into charges and accusations, or even indictments, for the purpose of discrediting a witness, because ‘ ‘ they are consistent with innocence and may exist without moral People v. Irving, 95 N. Y., 544.
It is, however, competent to inquire of a witness as to his past conduct. People v. Casey, 12 N. Y., 394.
Under which of these two heads of inquiry did the questions in this case come? Plaintiff, on cross-examinatian, was asked, “Have you been sued for assault and battery? A. Yes. Q. Who sued you? A. A man by the name of Brick. A. Did he obtain a verdict against you? A. I believe he did. Q. Did you have any trouble with Jeremiah Plank? A. A little trouble; he did not build the lime-kiln as he agreed. Q. Did you have any trouble with William Oliver? Ho, sir; no more than a little wood that. I had sold him and he did not cord it right.
How whether plaintiff had been sued for assault and battery was immaterial. Even a' judgment against Mm was not a conviction of a crime. The inquiry made was not as to the plaintiff’s having committed an assault, as in People v. Casey, ut supra.
The defendant admits that the question as to bemg sued was improper, but claims that it was afterwards justified by the fact that Brick recovered; which recovery, defendant says, established the fact of the assault. But we tMnk that it is stated in Real v. People (42 N. Y., 211), the inquiry should be as to specific acts of the witness, and not as to the success of litigations against him. ' Of "course a conviction of a crime stands on a different ground.
The other questions respecting trouble with Plank and Oliver, the defendant justifies on the ground that by inference they referred to assaults. They were not so expressed, and they were not so answered.
There was an affray between these parties, and contradictory evidence in respect to it. Each of the parties testified and gave different versions of the affair. It may have influenced the jury to have evidence that plaintiff had been sued for assault and battery, and had had trouble with two or three persons. We think these errors cannot be disregarded.
Judgment reversed, new trial granted, costs to abide event.
Bocees and Landon, JJ., concur.